

FILED
10/31/16
Date                     Time
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHRISTOPHER RICKER,

        Plaintiff,

vs.

SIMON'S AGENCY, INC.,

        Defendant.

_____/

CASE NO. 6:16-CV-1902-ORL-22 DCI

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff, CHRISTOPHER RICKER ("Plaintiff"), alleges the following Complaint against Defendant, SIMON'S AGENCY, INC. ("Defendant"):

1.    This is an action for damages for violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), the Fair Debt Collection Practices Act 15 §§ U.S.C. 1692 *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55 *et seq.* ("FCCPA").

## PARTIES

2.    Plaintiff is an individual residing in Orange County, Florida.

3.    Plaintiff is the subscriber, regular user and carrier of the cellular telephone number, (315) XXX-3733, and was the called party and recipient of Defendant's autodialer calls.

4.    Plaintiff is a "consumer" as that term is defined by Fla. Stat. § 559.55(2) and 15 U.S.C. § 1692a(3) of the FDCPA.

-2-

5.     Defendant is a foreign company with its principal place of business in New York. Defendant has a registered agent located in the state of Florida, and the actions forming the basis of this Complaint took place at Plaintiff's home location in this district.

6.     Defendant is a "person" subject to regulation under Fla. Stat. § 559.72 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

7.     This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 for the TCPA and FDCPA claim, and should exercise supplemental jurisdiction over the state FCCPA claims pursuant to 28 U.S.C. § 1367(a), as such claims are so closely related so as to form part of the same case or controversy.

8.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), in that the acts giving rise to this action occurred in this District.

## FACTUAL ALLEGATIONS

9.     Plaintiff allegedly owes a debt for dental services in which Defendant is attempting to collect (hereinafter "Subject Debt").

10.     The Subject Debt is considered a "consumer debt" as defined by the FDCPA and FCCPA, as it constitutes an obligation for the payment of money arising out of a transaction in which the money and/or services which was the subject of the transaction was primarily for Plaintiff's personal, family, or household purposes.

11.     At some point in or around August, 2016, Defendant began a campaign of harassing and abusive efforts to collect the Subject Debt allegedly owed by Plaintiff.

-3-

12.     On August 23, 2016, Defendant autodialed Plaintiff's cellular phone and attempted to collect the subject debt.  After listening to an automatic recording, Plaintiff requested Defendant to stop calling his cell phone.

13.     On August 24, 2016, Defendant autodialed Plaintiff's cellular phone and attempted to collect the subject debt.  After listening to an automatic recording, Plaintiff requested Defendant to stop calling his cell phone. Defendant stated the calls would not stop until he sent in a written cease and desist letter.

14.     On August 30, 2016, Defendant autodialed Plaintiff's cellular phone and attempted to collect the subject debt.  After listening to an automatic recording, Plaintiff requested Defendant to stop calling his cell phone.

15.     On August 31, 2016, Defendant autodialed Plaintiff's cellular phone and attempted to collect the subject debt.  After listening to an automatic recording, Plaintiff requested Defendant to stop calling his cell phone.

16.     Disregarding Plaintiff's request, Defendant called her cell phone on the following dates and times:

    a.  9/2/16
    b.  9/7/16
    c.  9/9/16
    d.  9/12/16
    e.  9/13/16
    f.  9/16/16
    g.  9/19/16

17.     On September 22, 2016, Defendant autodialed Plaintiff's cellular phone and attempted to collect the subject debt.  After listening to an automatic recording, Plaintiff requested Defendant to stop calling his cell phone.

18.     On September 23, 2016, Defendant autodialed Plaintiff's cellular phone and attempted to collect the subject debt. After listening to an automatic recording, Plaintiff requested Defendant to stop calling his cell phone.

19.     On September 26, 2016, Defendant autodialed Plaintiff's cellular phone. Plaintiff was unable to answer because he was at work.

20.     On September 27, 2016, Defendant autodialed Plaintiff's cellular phone and attempted to collect the subject debt. After listening to an automatic recording, Plaintiff requested Defendant to stop calling his cell phone.

21.     On September 28, 2016, Defendant autodialed Plaintiff's cellular phone and attempted to collect the subject debt. After listening to an automatic recording, Plaintiff requested Defendant to stop calling his cell phone.

22.     On September 29, 2016, Defendant autodialed Plaintiff's cellular phone and attempted to collect the subject debt. After listening to an automatic recording, Plaintiff requested Defendant to stop calling his cell phone.

23.     On September 30, 2016, Defendant autodialed Plaintiff's cellular phone and attempted to collect the subject debt. After listening to an automatic recording, Plaintiff requested Defendant to stop calling his cell phone.

24.     Defendant autodialed Plaintiff's cellular phone on the following dates, as well:

      a.   10/4/16
      b.   10/6/16
      c.   10/7/16
      d.   10/10/16
      e.   10/13/16

-5-

25.     On October 12, 2016, Defendant autodialed Plaintiff's cellular phone and attempted to collect the subject debt.  After listening to an automatic recording, Plaintiff requested Defendant to stop calling his cell phone.

26.     On October 14, 2016, Defendant autodialed Plaintiff's cellular phone and attempted to collect the subject debt.  After listening to an automatic recording, Plaintiff requested Defendant to stop calling his cell phone.

27.     On October 17, 2016, Defendant autodialed Plaintiff's cellular phone.  Plaintiff was unable to answer his phone because he was at work.

28.     Defendant routinely used an automatic telephone dialing system ("ATDS") to call Plaintiff on his cellular phone, for which Plaintiff was charged, after Plaintiff had revoked any prior express consent may have had to call his cellular phone.

29.     This was evidenced by the auto recording in each of the phone calls placed to Plaintiff's cellular phone.

30.     Further, Defendant has a corporate policy to use an ATDS and has numerous other federal lawsuits pending against them alleging similar violations and facts as stated in this complaint.

31.     Despite Plaintiff informing the Defendant for his reasons of non-payment towards the Subject Debt the Defendant continued its efforts to try and collect the Subject Debt from Plaintiff.  As a result, the Defendant's subsequent attempts to persuade Plaintiff were made with the intent to simply exhaust Plaintiff's will and harass Plaintiff.

32.     The above-referenced conduct was a willful attempt by Defendant to engage in conduct which was reasonably expected to abuse or harass Plaintiff.  Defendant's conduct has

caused Plaintiff significant anxiety, emotional distress, frustration, loss of enjoyment of life, and anger.

## COUNT I

### VIOLATIONS OF THE TELEPHONE COMSUMER PROTECTION ACT
### 47 U.S.C. § 227 *et seq.*

33.     Plaintiff incorporates by reference paragraphs 1 through 32 of this Complaint as though fully stated herein.

34.     It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service …" 47 U.S.C. § 227(b)(1)(A)(iii).

35.     The Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice, without Plaintiff's consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

36.     These calls were made without regard to whether or not the Defendant had first obtained express permission from Plaintiff to make such calls.  In fact, the Defendant did not have prior express consent to call Plaintiff's cellular telephone number.  As such, the Defendant's calls were willful or knowing. *See* 47 U.S.C. § 312(f)(1).

37.     As a result of the Defendant's conduct and pursuant to Section 227(b)(3) of the TCPA, Plaintiff was harmed and is entitled to a minimum of $500 in damages for each violation.

38.     Because the Defendant knew that Plaintiff revoked any prior express consent to receive their autodialed and prerecorded voice calls to her cellular telephone – and /or willfully used an automatic telephone dialing system and/or prerecorded voice message to call Plaintiff's cellular

telephone- Plaintiff requests the Court to treble the amount of statutory damages available to

Plaintiff pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff demands judgment against the Defendant for damages, costs, and

such further relief as this Court deems just and proper.

## COUNT II

## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT
### FLORIDA STATUTES § 559.55 *et seq.*

39.     Plaintiff incorporates by reference paragraphs 1 through 32 of this Complaint as

though fully stated herein.

40.     The foregoing acts and omissions of Defendant constitute a violation of the FCCPA:

a.     Fla. Stat. 559.72(7):   Willfully communicate with the debtor or any
member of her or his family with such frequency as can reasonably be expected to
harass the debtor or her or his family, or willfully engage in other conduct which
can reasonably be expected to abuse or harass the debtor or any member of her or
his family.

41.     As a result of Defendant's violation of the FCCPA, pursuant to Fla. Stat. § 559.77

Plaintiff is entitled to damages in an amount up to $1,000.00 for violation of the FCCPA, actual

damages, plus reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff demands judgment for actual and statutory damages, attorneys'

fees, costs, and such further relief as this Court deems just and proper.

-8-

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Jon P. Dubbeld, Esq.
Fla. Bar No. 105869
Jon@berkmyer.com
Berkowitz & Myer
2820 1st Avenue North
St. Petersburg, Florida 33713
(727) 344-0123(office)
*Attorneys for Plaintiff*